FILED
SEP - 8 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Walter J. Thomas )
1400 South Joyce Street )
#913 )
Arlington, VA. 22202 )
 )
vs. )  CASE NUMBER  1:05CV01784
 )
 )  JUDGE: Richard J. Leon
Natwar M. Gandhi )
Chief Financial Officer )  DECK TYPE: Employment Discrimination
Office of Chief Financial )
  Officer, District of )  DATE STAMP: 09/  /2005
  Columbia, )
1350 Pennsylvania Avenue, N.W. )
Washington, D.C. 20004 )

JURY ACTION

## COMPLAINT

### Parties

(1)

Walter Thomas, the plaintiff, (Mr. Thomas), an African-American male, age sixty-four, with a permanent disability, resides at 1400 South Joyce Street, # 913, Arlington, Virginia, 22202, and, at all times relevant to the matters set forth in this Complaint, was an employee of the Office of the Chief Financial Officer, Office of Tax and Revenue, District of Columbia, in the position of Support Services Specialist DS-301-13.

(2)

Natwar M. Gandhi, the Chief Financial Officer, The Office of Chief Financial Officer, District of Columbia, the defendant, is the head of an independent entity of the District of Columbia government, established for the purposes of overseeing the

revenue and finances of the District of Columbia government. At all times relevant to the matters set forth in this complaint, the Office of the Chief Financial Officer was an employer within the meaning of 29 U.S.C.§ 630(b)(2); 42 U.S.C.§ 2000e(b); 42 U.S.C. § 12111(5); and D.C. Code § 2-1402.11(a)(1) (2001 ed.).

## Jurisdiction

This Court has jurisdiction and venue of this matter, pursuant to 28 U.S.C. §§ 1331; 1343(a)(3) and (4); 1367(a); 1391(b)(2); and D.C. Code §§ 2-1403(b) and 2-1403.16. This action is brought pursuant to the 1964 Civil Rights Act, 42 U.S.C. §§ 1981(a) and 2000e et.seq. (Title VII); the Age Discrimination in Employment Act, 29 U.S.C. § 621 et.seq., (ADEA); the Americans with Disabilities Act, 42 U.S.C. § 12101 et.seq., (ADA); and the D.C. Human Rights Act, D.C. Code §2-1401.11(a)(1)(2001 ed.), (DCHRA).

On August 20, 2003, Mr. Thomas filed a charge of discrimination, simultaneously, with the U.S. Equal Employment Opportunity Commission (EEOC) and the D.C. Office of Human Rights alleging discrimination on the basis of age, race, sex, and disability. Pursuant to a worksharing agreement between the Equal Employment Opportunity Commission and the D.C. Office of Human Rights, the charge of discrimination was processed by the EEOC. On or about June 7, 2005, the EEOC sent Mr. Thomas, by mail, notification that the EEOC had ceased all processing on his claim

of age discrimination. On or about June 16, 2005, Mr. Thomas received a notification of his right to institute a civil action, on his charge of discrimination, based upon his race, sex, and disability, from the U.S. Department of Justice. All jurisdictional prerequisites to the filing of this action have been met.

<u>Statement of the Claim</u>

<u>Count I, Race, Age, And Sex Discrimination</u>

(4)

On July 5, 1998, Mr. Thomas became employed in the position of Liaison Officer, DS-301-13, in the District of Columbia Office of the Chief Financial Officer, (OCFO) Mission Support Center, with responsibilities of providing telecommunications support to seven offices of OCFO; coordinating security matters; determining communication and security requirements; and conducting on-site inspections to ensure maintenance and security of physical space and physical space requirements. On January 13, 2001, Mr. Thomas was transferred to the position of Support Services Specialist DS-301-13, in the OCFO Executive Direction & Support Office of the Department of Tax and Revenue.

(5)

On or about December 12, 2002, Mr. Thomas received advance notice informing him of the upcoming abolishment of positions in

the General Services Administration unit, of the Office of Tax and Revenue; the creation of the Office Of Management and Administration and informing him of his right to be notified of all upcoming available positions, including continuing and new positions. The notice informed Mr. Thomas and other employees of the advertisement of all remaining available positions and of the opportunity to apply for all available remaining and new positions, beginning December 13, 2002.

(6)

On or about December 13, 2002, the OCFO advertised two positions of Lead Support Specialist DS-342-11, Vacancy Announcement No. AD-RS-MA017 with a closing date of January 3, 2003. On December 31, 2002, Mr. Thomas submitted his application for the positions. Mr. Thomas was granted an interview.

(7)

On March 28, 2003, Mr. Thomas was requested to attend a meeting with Diane Camilleri, a Caucasian female. Mr. Thomas was informed he was not selected for either of the two Lead Support Specialist positions and informed his employment was terminated and he was to leave work within the hour. Mr. Thomas received a letter notifying him his position of Support Specialist DS-301-13 was abolished and his employment was terminated immediately.

(8)

Subsequent to Mr. Thomas's termination, OCFO selected Barry

Edmond, an African-American male, younger than Mr. Thomas for one of the Lead Support Specialist positions. The second position remained vacant.

(9)

On April 3, 2003, immediately after Mr. Thomas's dismissal, the OCFO advertised the position of Lead Logistics Management Specialist DS-346-11, with the same duties as the Lead Support Specialist DS-342-11.

(10)

On April 3, 2003, OCFO advertised the position of Special Assistant to the Director, MSS-246-13, which performed the duties Mr. Thomas had previously performed as the Support Specialist DS-301-13. Mr. Thomas's unofficial title of his Support Specialist position was Special Assistant to the General Services Officer.

(11)

Mr. Thomas was not informed that the position of Special Assistant to the Director was an open and available position and was not given any opportunity to apply and be considered for the position.

(12)

Subsequent to Mr. Thomas's termination, OCFO selected a Caucasian female, younger than Mr. Thomas, for the position of Special Assistant to the Director and the Lead Logistics Management Specialist position remained unfilled.

(13)

The actions set forth in paragraphs four through twelve herein are acts of intentional discrimination taken against Mr. Thomas by the OCFO, based upon his age, race, and sex, in violation of Title VII; the ADEA, and the DCHRA. The intentional acts of discrimination caused Mr. Thomas to suffer a loss of employment, loss of wages, benefits, caused the disruption of his career, caused him emotional distress, humiliation, loss of economic stability for which economic and compensatory damages will lie. Mr. Thomas seeks reinstatement to his employment, lost wages and benefits, compensatory damages in the amount of $300,000, pursuant to Title VII; and compensatory damages of $700,000 under the DCHRA for the intentional acts of discrimination taken against him based upon his race, age, and sex. Mr. Thomas's immediate termination from his position was an intentional and willful act taken against Mr. Thomas based upon his age, which resulted in the loss of wages, benefits, and the termination of his ability to continue his career, for which Mr. Thomas seeks lost wages and benefits and an equal amount of liquidated damages, under the ADEA. Mr. Thomas is entitled to and hereby requests a trial by jury.

## Count II Disability Discrimination

(14)

Mr. Thomas is an individual with a qualified disabling condition under the ADA, of a permanent cornea deficiency which impairs his vision and requires special equipment to assist him in performing visual tasks.

(15)

OCFO was aware of Mr. Thomas's disability and his condition was an observable condition.

(16)

On or about December 13, 2002, the OCFO advertised two positions of Lead Support Specialist DS-342-11, Vacancy Announcement No. AD-RS-MA017 with a closing date of January 3, 2003. On December 31, 2002, Mr. Thomas submitted his application for the positions. Mr. Thomas was granted an interview.

(17)

On March 28, 2003, Mr. Thomas was requested to attend a meeting with Diane Camilleri. Mr. Thomas was informed he was not selected for either of the two positions and informed his employment was terminated and he was to leave work within the hour. Mr. Thomas received a letter notifying him his position of Support Specialist DS-301-13 was abolished and his employment was terminated immediately.

(18)

Subsequent to Mr. Thomas's termination, OCFO selected Barry Edmond, an individual with no disabling conditions for one of the Lead Support Specialist positions. The second position remained vacant.

(19)

On April 3, 2003, immediately after Mr. Thomas's dismissal, the OCFO advertised the position of Lead Logistics Management Specialist DS-346-11, with the same duties as the Lead Support Specialist DS-342-11.

(20)

On April 3, 2003, OCFO advertised the position of Special Assistant to the Director, MSS-246-13, which performed the duties Mr. Thomas had previously performed as the Support Specialist DS-301-13. Mr. Thomas's unofficial title of his Support Specialist position was Special Assistant to the General Services Officer.

(21)

Mr. Thomas was not informed that the position of Special Assistant to the Director was an open and available position and was not given any opportunity to apply and be considered for the position.

(22)

Subsequent to Mr. Thomas termination, OCFO selected a female, with no disabling conditions, for the position of Special

Assistant to the Director and the Lead Logistics Management Specialist position remained unfilled.

(23)

The acts of the defendant set forth in paragraphs fourteen through twenty-two are intentional acts of discrimination taken against Mr. Thomas based upon his disabling condition, in violation of the ADA. Due to the intentional acts of discrimination, Mr. Thomas suffered a loss of employment, a loss of wages and benefits, disruption of his career, humiliation, and emotional distress. Mr. Thomas seeks reinstatement to his employment, all lost wages and benefits, and compensatory damages in the amount of $300,000 for the intentional acts of discrimination. Mr. Thomas is entitled to and hereby requests a trial by jury.

## Relief

(25)

Based upon the foregoing, Mr. Thomas requests:

(a) The Court set this matter for trial by jury;

(b) The Court enter an Order finding the defendant discriminated against Mr. Thomas on the basis of his age, race, and sex, by failing to employ him in the position of Lead Support Specialist DS-342-11; by failing to continue him in his position of Support Specialist (Special Assistant to the General Services

9

Officer) DS-301-13; and by denying him the opportunity to apply for the position of Special Assistant to the Director MSS-346-13;

(c) The Court enter an Order awarding to Mr. Thomas reinstatement to his employment with the defendant, effective March 28, 2003, to a comparable position in the Office of the Chief Financial Officer; all lost wages and benefits, for the unlawful acts of discrimination based upon race, age, and sex, under Title VII, the ADEA, and the DCHRA, and an equal amount of liquidated damages for the willful acts of age discrimination taken by the defendant against Mr. Thomas;

(d) The Court enter an Order awarding compensatory damages in the amount of $300,000 to Mr. Thomas and against the defendant for the unlawful acts of race and sex discrimination, under Title VII;

(e) The Court enter an Order awarding compensatory damages in the amount of $700,000 to Mr. Thomas and against the defendant for the unlawful acts of race, age, and sex discrimination, under the DCHRA;

(f) The Court enter an Order finding the defendant discriminated against Mr. Thomas, in violation of the ADA, based upon his disabling condition, by failing to

employ him in the position of Lead Support Specialist DS-342-11; by failing to continue him in his position of Support Specialist (Special Assistant to the General Services Officer) DS-301-13; and by denying him the opportunity to apply for the position of Special Assistant to the Director MSS-346-13;

(g) The Court enter an Order awarding to Mr. Thomas and against the defendant compensatory damages in the amount of $300,000 for the unlawful discrimination against Mr. Thomas based upon his disabling condition;

(h) The Court enter an Order awarding to Mr. Thomas and against the defendant, attorney fees and costs for the pursuit of this action;

and

(i) Such other and further relief as is just and proper.

Respectfully Submitted,

Barbara B. Hutchinson
Attorney for Plaintiff
D.C. Bar # 418967
Telephone: (301) 577-3387
Facsimile: (301) 577-3764