UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATWAR GANDHI, )<br>)<br>Defendant. )<br>_____) | Civil Action No. 05-cv-01784<br>Judge Richard J. Leon |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, by its undersigned attorneys, hereby submits its answer and affirmative defenses to Plaintiff Walter Thomas' Complaint.

### Parties

1. Defendant admits that Plaintiff is African American, born December 23, 1940, and was an employee of the Office of the Chief Financial Officer, Office of Tax and Revenue, District of Columbia, in the position of Support Services Specialist DS-301-13 until on or about March 28, 2003. Defendant does not have sufficient knowledge to form a belief as to his current residence and therefore denies same. The remaining allegations assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

2. Defendant admits that Natwar M. Gandhi is the Chief Financial Officer of the Office of the Chief Financial Officer for the District of Columbia (hereinafter "OCFO"). The remaining allegations assert legal conclusions to which no response is required.

## Jurisdiction

3. Paragraph 3 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant admits that this action was brought pursuant to 42 U.S.C. §§ 1981(a) and 2000e, *et seq.*, 29 U.S.C. § 621, *et seq.*, 42 U.S.C. § 12101, *et seq.*, and D.C. Code § 2-1401.11a)(1).

The unnumbered 2nd paragraph under the heading "Jurisdiction" asserts legal conclusions to which no response is required. To the extent a response is required, Defendant admits that on or about August 20, 2003, Plaintiff filed a charge of discrimination with the EEOC and DCHR alleging discrimination on the basis of his sex, race, age and disability. Defendant does not have sufficient knowledge to form a belief as to whether on or about June 7, 2005, the EEOC sent Plaintiff notification that the EEOC had ceased all processing of his claim, nor when he received such notice, and therefore denies the remaining allegations in this paragraph.

## Count I: Race, Age and Sex Discrimination

4. Defendant admits that on or about July 5, 1998, Plaintiff was hired for the position of Liaison Officer, DS-301-13, in the OCFO's Mission Support Center. Defendant admits and asserts affirmatively that on or about January 11, 2002, Plaintiff was transferred to the Executive Direction & Support Office of the Department of Tax and Revenue and held the position of Support Services Specialist, DS-301-13. Defendant denies the remaining allegations of Paragraph 4.

5. Defendant admits the allegations of Paragraph 5.

6. Defendant admits the allegations of Paragraph 6.

7. Defendant admits that on or about March 28, 2003, Plaintiff met with Diane Camilleri, a Caucasian female, who told him that he had not been selected for the position of Lead

Support Services Specialist, and that, as a result, his employment was terminated as of that day. Defendant asserts that any correspondence reflecting this information speaks for itself and denies any assertions in paragraph 7 which are inconsistent with that correspondence. Defendant denies any remaining allegations.

8. Defendant admits that it selected Barry Edmond, an African American male, for the position of Lead Support Specialist. Defendant admits that Plaintiff is older than Mr. Edmond. Defendant admits that it did not select another Lead Support Services Specialist and denies the remaining allegations.

9. Defendant denies the allegations of Paragraph 9.

10. Defendant admits that on or about April 3, 2003, it advertised the position of Special Assistant to the Director, Logistics and Support Services, MS-346-13. Defendant denies the remaining allegations of paragraph 10.

11. Defendant denies the allegations of Paragraph 11.

12. Defendant admits that subsequent to Plaintiff's employment with Defendant, it selected a Caucasian female who was younger than Plaintiff for the position of Special Assistant to the Director. Defendant denies any remaining allegations.

13. Paragraph 13 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 13.

**Count II Disability Discrimination**

14. Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 14.

15. Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 15.

16. Defendant incorporates by reference its response to paragraph 6 as if fully stated herein.

17. Defendant incorporates by reference its response to paragraph 7 as if fully stated herein.

18. Defendant admits that it selected Barry Edmond for the position of Lead Support Specialist. Defendant does not have sufficient knowledge to form a belief as to whether Mr. Edmond has no disabling condition and therefore denies same. Defendant denies any remaining allegations in paragraph 18.

19. Defendant reasserts herein its response to the allegations in Paragraph 9.

20. Defendant admits that on or about April 3, 2003, OCFO advertised the position of Special Assistant to the Director, MSS-246-13. Defendant denies the remaining allegations of Paragraph 20.

21. Defendant denies the allegations of Paragraph 21.

22. Defendant admits that subsequent to Plaintiff's termination, OCFO selected a female candidate for the position of Special Assistant to the Director. Defendant does not have sufficient knowledge to form a belief as to whether the successful candidate has no disabling conditions and therefore denies same. Defendant denies any remaining allegations.

23. Paragraph 23 asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 23.

**Relief**

25.(sic)   a.   Defendant denies that the complaint's allegations state claims for relief such that this matter is appropriate for trial by jury.

   b-g.   Paragraphs 25(b)-(g) asserts legal conclusions to which no response is required. To the extent a response is required, Defendant denies that the relief sought in 25(b)-(g) is appropriate.

  h.  Defendant denies that the relief sought in 25(h) is appropriate.

  i.  Defendant denies that any other relief is appropriate.

## Affirmative Defenses

1.  The Complaint fails in whole or in part to state a claim upon which relief may be granted.

2.  Any acts or omissions taken toward Plaintiff by Defendants and/or by employees of Defendant acting within the scope of their employment, were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

3.  Plaintiff is not entitled to the relief requested.

4.  Plaintiff may have failed to mitigate his damages.

5.  Defendant, and/or employees of Defendant acting within the course and scope of their employment, have performed their obligations, if any toward Plaintiff in accordance with all applicable statutory and common law requirements.

6.  Interpretations of all applicable contractual, regulatory, statutory, constitutional, and common law requirements by Defendant and by the agents, servants, and employees of the District of Columbia are rational and reasonable, are not arbitrary and capricious, and are otherwise in accordance with law.

7. If Plaintiff was injured and/or damaged as alleged in the complaint, such injuries and damages were the result of Plaintiff's own acts or omissions.

8. If Plaintiff was injured and/or damaged as alleged in the complaint, such injuries and damages were the result of the acts or omissions, whether negligent or intentional or both, of a person or persons other than this Defendant, and/or the agents, servants, and employees of the District of Columbia acting within the scope of their employment.

9. Plaintiff's claims may be barred pursuant to the applicable statute of limitations.

10. Defendant reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

### Set Off

Defendant and the District of Columbia assert a set-off against any judgment rendered against the District of Columbia for all funds and services and/or any other benefits provided to or on behalf of Plaintiff.

WHEREFORE, Defendants request that Plaintiff's complaint be dismissed in its entirety.

DATED: January 20, 2006                    Respectfully submitted,

_____
Mary E. Pivec, Esq. D.C. Bar No. 445760
Julia H. Perkins, Esq. D.C. Bar No. 484163
Sheppard Mullin Richter & Hampton LLP
1300 Eye Street, 11th Floor East
Washington, DC 20005
(202) 218-0000(phone)
(202) 218-0020(fax)
Counsel for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on January 20, 2006, I caused a copy of Defendant's Response and Affirmative Defenses to be served by electronic mail upon Barbara Hutchinson, counsel for Plaintiff Walter Thomas.

_____