IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Walter Thomas, | ) | |
|     Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1784 RJL |
| Natwar Ghandi, Office of the Chief Financial Officer | ) ) ) ) | |
|     Defendant | ) ) | |

## STIPULATED PROTECTIVE ORDER

Subject to the Court's approval, plaintiff and defendant, by their undersigned counsel, hereby stipulate and agree that documents and information designated by counsel as confidential shall be given protected material status, shall be disclosed only to counsel for the parties and to those persons designated in paragraph 3 below, shall be used solely for purposes of the above-captioned litigation, and shall be further protected as set out herein.

1. Either party to this litigation may initially designate as "protected" any documents containing information exempted from disclosure by D.C. Code § 2-534 (2001 Edition) as protected information under this order, if it is deemed in good faith to constitute protected information. Either party designating material as protected hereunder represents thereby that it has done so in good faith and pursuant to a bona fide belief that such materials are in fact confidential and deserving of protection.

2. In designating material as protected, the party so designating it shall identify the protected material with specificity by letter or by marking documents containing such

information with the notation "CONFIDENTIAL." Either party's counsel may, at any time, object to the designation of material as protected. In the event of any such objection, the designating party's counsel agrees to confer with counsel for the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party, through counsel, may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the material shall be treated as protected.

3.  Protected material provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows:

(a) Protected material designated "CONFIDENTIAL" shall be used solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than this Court, the Plaintiff, counsel for the parties (including agency counsel), witnesses, consultants to the parties, paralegals and expert witnesses in their employ, and any other person authorized by counsel to examine such materials.

(b) It shall be the responsibility of counsel to bring this order to the attention of all persons within their respective firms and all outside consultants to whom they disclose protected material, and to insure that all such persons comply with the terms of this order. Each person to whom records or information designated "CONFIDENTIAL" under this protective order is revealed shall sign and date a copy affirming that they have read and agree to be bound by the terms of this protective order. Counsel of record for each party shall retain those signed copies, which shall not be provided to the adverse party.

(c) No document (including motions, briefs, and exhibits) containing protected material, or a discussion of protected material, shall be filed with the Clerk of the Court unless the confidential material is redacted or filed separately under seal in an envelope with a legend on the envelope substantially as follows:

> This [envelope/document] contains protected material. Disclosure or use of such material is restricted. This material is filed under seal.

Documents, filed under seal, shall be maintained under seal by the Court. No one other than persons specifically authorized in subparagraph (a) of paragraph 3 hereof shall have access to such material

(d) Except when required for submission to the Court, no more than two copies shall be made of any material that is subject to this order. All such copies shall be clearly labeled as containing protected material and are to be returned to the party who originally produced them or destroyed within 60 days of the conclusion of this litigation (including any and all appeals). Legal memoranda and briefs containing protected material and any work product materials containing protected material may be retained if such documents shall be kept in the possession of a private litigant's counsel or in the possession of a governmental entity, and shall not in the future be disclosed contrary to the provisions of this order.

Nothing contained in this order shall be construed as precluding plaintiff or defendant from introducing materials which are subject to this order, or the contents thereof, into evidence at the trial of this case. If these documents are to be used at trial, the Court may determine and direct at that time the extent to which confidentiality shall be protected.

4. An inadvertent failure to designate Confidential information shall not be

construed as a waiver, in whole or in part, and may be corrected by the producing party by written notification to the recipient promptly upon discovery of the failure to designate.

5. Counsel shall promptly report any breach of the provisions of this order to the Court and to counsel for the party whose protected material was divulged or compromised. Upon discovery of any breach, counsel shall immediately take appropriate action to cure the violation and retrieve any confidential material that may have been disclosed to persons not covered by this order. Counsel shall also cooperate fully in any investigation of such breach conducted by the Court or by the party whose protected material was divulged or compromised.

6. Nothing in this Order shall be deemed a limit or waiver of the attorney-client privilege, the work product doctrine, or any other relevant privilege. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

7. The parties are hereby authorized to seek the admission into evidence at the trial of this case any materials, or the contents thereof, that are subject to this Stipulation, and nothing contained herein shall be construed as precluding plaintiff or defendant from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of individual(s) involved.

8. Nothing contained herein shall be construed as a waiver of either party's objections to another party's request that it be permitted to disclose protected information to its employees and/or employees of subsidiary or affiliated companies. Nothing in this Order shall be construed to limit a party's use or disclosure, to the extent otherwise permitted by law, of

documents or information in the party's possession prior to or for reasons unrelated to proceedings in this action.

December 18, 2006                                    Respectfully submitted,

/s/ *Barbara B. Hutchinson*                          *Mary E. Pivec*
BARBARA B. HUTCHINSON                                Mary E. Pivec, Esq., D.C. Bar No. 445760
D.C. Bar. # 418967                                   Sheppard Mullin Richter & Hampton, LLP
7907 Powhatan St.                                    1300 Eye Street, N.W., 11th Floor East
New Carrollton, MD 20784                             Washington, D.C. 20005
(301) 577-3387                                       (202) 218-0000
(301) 577-3764                                       (202) 218-0020
Attorney for Plaintiff


**APPROVED AND SO ORDERED.**

This _____ day of _____, 2006.


_____
RICHARD J. Leon
United States District Judge