Americans with Disabilities Act, as the Supreme Court held in *Sutton v United Air Lines*, 527 U.S. 471 (1999)(if vision impairment is reduced by mitigation or corrective measures, the individual is not disabled). *Accord Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555 (1999), and *Toyota Motor Mfg. Ky., Inc. v. Williams*, 534 U.S. 184 (2002),

Significantly, Thomas has offered no evidence that his corrected visual acuity during the March 2003 time frame was substantially limited beyond that of the average member of the community. His physician's May 2001 letter establishes, to the contrary, that Thomas was able to use his workplace computer with special lighting, which had already been provided. In the absence of evidence that his visual acuity had deteriorated significantly between May 2001 and March 2003, the presumption attaches that as of date of non-selection Thomas' visual acuity remained the same and that his vision was not substantially limited under the *Sutton* standard.

> **b.   Thomas Is Not Disabled Under Prong B, Requiring Proof Of "A Record of An Impairment That Substantially Limits A Major Life Activity."**

Assuming, *arguendo*, that Thomas intends to assert a claim of disability discrimination under Prong B of the ADA definition of disability, he has failed to produce any evidence that Camilleri, Smoak and Lister relied on a record of impairment "that would substantially limit one or more major life activities" in not selecting Thomas for the LSSS position. *See* 42 C.F.R. Section 1630.2(k). His physician's letter of May 24, 2001, which is addressed to Louis Parker, former director of the OCFO Office of Mission Support, does not state or otherwise establish that Thomas suffered from a substantially limiting vision impairment. Further, there is no admissible evidence that

Camilleri, Smoak and Lister ever saw the Felton letter. Accordingly, Thomas is not disabled within the meaning of Prong B of the ADA definition of disability.

### c. Thomas Is Not Disabled Under Prong C, Requiring Proof That He Was "Regarded As" Disabled By The Decision Makers Rendering The Disputed Decision.

Assuming, *arguendo*, Thomas contends that the panelists who interviewed him for the LSSS position "regarded him" as incapable of performing the job because of his perceived vision impairment, he also fails to state a claim.

For purposes of the ADA, a person is "regarded as" disabled if his employer "mistakenly believes that [the] person has a physical impairment that substantially limits one or more major life activities" or "mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999); *Duncan v. Wash. Metro. Area Transit Auth.*, 240 F.3d 1110, 114-16 (D.C. Cir. 2001) (en banc); *Gasser v. District of Columbia*, 442 F.3d 758, 763-764 (D.C. Cir. 2006). Consistent with the EEOC Interpretative Guidance, 29 C.F.R. Section 1630.1(l), a "regarded as" plaintiff must show that an employer made an employment decision because of a perception of disability based on "myth, fear or stereotype."

Thomas' "regarded as" claim suffers from two fatal flaws: First, there is no medical evidence that Thomas had an "observable" substantial, visual impairment as of the date of his LSSS interview on March 12, 2003. Dr. Anderson's letter does not establish such a fact, because it doesn't address Thomas' physical appearance or otherwise identify a condition that would be observable to a lay person. And the mere

19

fact that he was wearing glasses at the time of the interview does not suffice to establish the existence of a substantial, observable visual impairment.

Second, there is no evidence that any member of the selection panel "observed" Thomas to have substantial vision impairment. Thomas' application package otherwise contains no reference to any form of vision impairment, and the notes of the interview panel members contain no reference to a vision impairment. In short, there is absolutely no evidence to support that the decision makers regarded Thomas as having substantially limiting vision impairment.

Even if Thomas had any evidence tending to demonstrate actual knowledge on the part of the decision makers who passed on the disputed selections, such evidence would be insufficient to prove that he was "regarded as" disabled under well established law. In *Murphy v. United Parcel Serv.*, 527 U.S. 516 (1999), the Supreme Court rejected a regarded as claim where the petitioner's condition was clearly known to the employer, and where the employer admittedly fired petitioner because of his condition. In Murphy, the Court approved the regulation found at 29 C.F.R. § 1630 (j)(3)(i) requiring that for a plaintiff to prevail on a "regarded as" claim, petitioner would have to have shown that the employer believed him to be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." *Accord:* Gasser v. District of Columbia, 442 F.3d 758, 764 (D.C. Cir., 2006); *Chang v. Institute for Public-Private Partnerships, Inc.*, No. 02-CV-1256 (D.C. 4/8/2004)(rejecting a "regarded as" claim brought under the DCHRA for the same reason). Inasmuch as there is no evidence in the

record establishing that Thomas was so significantly restricted as of the non-selection date, his "regarded as" claim must fail at the *prima facie* stage.

### 2. Alternatively, Thomas Cannot Establish That He Was Denied Selection For The LSSS Position Because of Disability.

Assuming, *arguendo*, that the court deems Thomas to have established that he was disabled at the time in question, his disability non-selection claim otherwise fails for absence of any evidence of pretext. As previously stated, Defendant has more than adequately satisfied its burden of production under *Burdine* by demonstrating that Edmonds was selected for the LSSS position because he was judged to be better qualified than Thomas as a result of his superior performance at interview, a judgment backed by clearly articulated reasons contained in the testimony of the members of the interview panel.

Thomas has no evidence to establish that Defendant's non-discriminatory justification for selecting Edmonds for the LSSS position is a pretext and that he was passed over either because he was visually disabled, had a record of a visual disability, or was perceived to be visually disabled. The record reveals that Defendant's agents hired Thomas in 1998 despite the fact that he said he had a vision problem and needed specialized computer equipment, voice activated software and special lighting, and Defendant provided that equipment throughout his employment from July 1998 to March 2003. Such conduct is completely inconsistent with proof of disability bias. Second, the vacancy announcement for the LSSS position makes no mention of any special visual acuity requirements in order to perform the essential or marginal functions of the job, nor were candidates tested for visual acuity as a condition of being considered for the job. Third, the Interview rating forms contain no questions relating to any special vision

21

requirements, nor has Thomas alleged that any such questions were posed. In short, there is no evidence whatsoever that would give rise to a reasonable inference that Thomas's vision impairment played any part in the decision to offer the position to Edmonds.

### Conclusion

Based upon the material undisputed facts, as supported by the record, and controlling law as set forth in the instant memorandum of law, Defendant respectfully requests that the court grant him partial summary judgment as to all claims asserted under Count I of the Complaint with the exception of Thomas' age claim as it relates to his non-selection for the Lead Support Services Specialist position, and as to all claims asserted under Count II of the Complaint.

April 2, 2007                                    Respectfully submitted,

                                                 /s/
                                                 _____
                                                 Mary E. Pivec, Esq., D.C.
                                                 Bar No. 445760
                                                 Lewis Pivec, LLP
                                                 1300 Eye Street, N.W., 11th Floor East
                                                 Washington, D.C. 20005
                                                 (202) 772-5310
                                                 (202) 218-6877
                                                 Attorney for Defendant