IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Walter Thomas,<br>     Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 05-1784<br>)          RJL<br>) |
| Natwar Ghandi,<br>     Defendant | )<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF WALTER THOMAS' MOTION TO AMEND AND FOR CLARIFICATION OF THE COURT'S ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

**Introduction**

Fed.R.Civ.P. 52(b) permits a Court to amend findings to correct a manifest error of law and/or fact including reversing a judgment, at the discretion of the Court, *Golden Blount, Inc. v. Peterson Co.,* 438 F.3d. 1354, 1358 (Fed. Cir. 2006). Mr. Thomas seeks the amendment of the Court's findings, *Mem.Op.* at 5-8, holding Mr. Thomas did not establish a prima facie case as to the vacancy for the Lead Logistics Management Specialist; no evidence existed Mr. Thomas was a Career Service employee; Mr. Thomas could not claim age discrimination for the Lead Logistics Management specialist position; and D.C. Code §1-624.04 required Mr. Thomas to file an appeal with the D.C. Office of Employee Appeals. On a motion for summary judgment, whether a genuine issue of material fact exists is determined by assuming the truth of all statements proffered by a non-movant, unless the statement is unsupported by a factual basis in the record, *Hussain v. Nicholson*, 435 F.3d. 359, 365 (D.C. Cir. 2006).

**Rejection of A Qualified Plaintiff And The Employer's Continued Seeking
Of Applicants May Be Used As Evidence To Establish A Prima Facie Case**

On September 8, 2005, Mr. Thomas filed a complaint in this Court. Count I of the complaint, R. 1 at ¶ 6-7 alleged Mr. Thomas applied for two Lead Support Services Specialist positions advertised in Vacancy Announcement AD-RS-MA017. At ¶ 9 of the Complaint, Mr. Thomas alleged the Lead Logistics Management Specialist position was advertised with the same duties as the Lead Support Specialist, for which he was rejected.

The Court, R.27 at 5, applying the *McDonnell Douglas* framework to Mr. Thomas' claim, held he must prove he applied for an available position, was qualified; was rejected; and the position was awarded to a person no more qualified than the plaintiff. Under the *McDonnell Douglas* framework, a plaintiff may establish a prima facie case by showing (1) he is a member of a protected class; (2) he applied and was qualified for a position; (3) he was rejected despite his qualifications; and (4) either someone filled the position or it remained vacant, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973), *Holcomb v. Powell* 433 F.3d. 889, 895-96 (D.C. Cir. 2006).

In moving for partial summary judgment, the defendant sought summary judgment for "Each of Plaintiff's claims of discrimination under Count I of the Complaint, except for Plaintiff's claim of discrimination on the basis of age, with respect to his non-selection for the position of Lead Support Services Specialist "and conceded  "Thomas' age claims with respect to the Lead Support Specialist position are insulated from summary judgment because a dispute of fact exists. . . . " *Defendant's Motion for Partial Summary Judgment,* R.12, *Memorandum of Law in Support of Defendant's Motion for Partial Summary Judgment*, R. 13 at. 2, n.1, and *Defendant's*

*Reply,* R. 26 at.1, n. 1. It was undisputed that the second Lead Support Specialist position was not filled, *Defendant's Memorandum of Law,* R. 13 at 4. In response to the defendant's motion, Mr. Thomas submitted evidence the Lead Logistics Management Specialist had the same duties as the Lead Support Specialist position and required the same experience as the Lead Support Specialist position, *Plaintiff's Statement of Genuine Issues* 22-23, R. 16 at 20-21 , *Deposition of Jo Ann Smoak,* p. 99, Exhibit 6 and R. 22, *Vacancy Announcement No. AD-RS-MA-034,* Exhibit 13. Defendant asserted in its reply, R. 26, at 5, n. 11, the deposition of Jo Ann Smoak showed Ms. Smoak approved two logistics specialist positions, in April 2003. The reference is not supported in the record. Ms. Smoak's deposition is found at Exhibit E of *Defendant's Statement of Material Facts,* R. 13, and does not contain the cited reference. Exhibit C to *Defendant's Statement of Material Facts* is the Deposition of Diane Camilleri, which does not support the cited reference. As set forth in the complaint, Mr. Thomas' age claim with respect to the Lead Support Specialist positions included the defendant's rejection of Mr. Thomas for the second Lead Support Specialist position and readvertising the position under a different name. *McDonnell Douglas*, *supra.* and *Holcomb*, *supra.*, permit the establishment of a prima facie case by showing another person was selected or that a position remained vacant. Having submitted factual evidence in support of his claim and the factual evidence being unrefuted by the defendant, the facts must be accepted as true. The Court's ruling omits from consideration these facts, therefore leading to the conclusion that Mr. Thomas was unable to establish a prima facie case on his claim of age discrimination..

In defendant's *Memorandum of Law,* R. 13 at 5, the defendant sought to recast Mr. Thomas' claim on the Lead Logistics Management Specialist position as a separate and distinct vacancy.

The issue presented by Mr. Thomas' complaint was not whether he applied for the vacancy for the Lead Logistics Management Specialist position but whether the defendant rejected him for the second Lead Support Specialist position; the position remained vacant; and the employer continued to seek candidates for the position. Mr. Thomas' *Memorandum in Opposition,* R. 16 at 8-10, raised this argument. The Court's ruling addresses the Lead Logistics Management Specialist position as a separate and distinct nonselection. The Court's ruling is not reflective of the claim asserted in Mr. Thomas's complaint and in treating the vacancy as a separate and distinct nonselection, grants relief on Mr. Thomas' age claim as to the Lead Support Specialist positions. The defendant sought partial summary judgment as to Count I only for those claims which were not based upon Mr. Thomas' age. The complaint clearly sets out the claim and it does not state the Lead Logistics Management Specialist was a separate and distinct nonselection. Because Mr. Thomas was asserting a claim of the position remaining vacant and the employer continuing to look for individuals with the same qualifications, the Court's ruling prevents Mr. Thomas from presenting evidence that the Lead Support Specialist and Lead Logistics Management Specialist positions were the same and he was rejected for the positions based upon his age.

**The Direct Evidence of Career Service Status Refuted the Claim of At Will Employment**

The Court held no evidence was presented showing Mr. Thomas was a Career Service employee, *Mem. Op.* at 6. In response to defendant's motion, Mr. Thomas submitted a Statement of Genuine Issues with attached exhibits. Exhibit 1 was an affidavit of Walter Thomas, R. 16 . Mr. Thomas' affidavit, at p. 2, ¶ 5 stated he was transferred to a Career Service position in 2001 and referenced Exhibit 1-B, which is the District of Columbia Personnel Form.

Box 5 of the D.C. Form 1 showed Mr. Thomas' position was located in the Office of the Chief Financial Office; Box 20 showed his position was a Support Services Specialist DS-301-13;[1] and Box 37 of the form showed Mr. Thomas' position was designated a number 1 for Career Service. The defendant, relying on a 1998 Offer of Employment letter, argued Mr. Thomas' position was that of an at will employee, *Memorandum of Law,* R. 13, at 2. Mr. Thomas submitted direct evidence that he was not an at will employee. Although defendant argued all employees of the Office of Chief Financial Officer were at will employees, it submitted no evidence to refute Mr. Thomas' D.C. Form 1 and the ruling of *Alexis v. District of Columbia*, 44 F.Supp.2d 331, 343, n.9 (D.D.C. 1999), *Defendant's Reply*, R. 26 at 10. Public Law 104-8 did not grant the Chief Financial Officer the authority for at will employment, *see*: Public Law 104-8 , Exhibit 1 attached hereto. In Public Law 104-8, no provision authorizing at will employment exists. As correctly stated in *Plaintiff's Memorandum in Opposition*, R.16 at 6, the authority for at will employment was granted by a separate statute, *i.e.* Public Law 104-134. The at will authority was not extended, after 1999.

    The dispute created by Mr. Thomas' personnel form and the status of the at will employment authority is material. Under District of Columbia law, Mr. Thomas as a Career Service employee, had statutory rights to reduction in force procedures. D.C. Code § 1-608.01(a)(12) required reduction in force procedures be used for the removal of Career Service employees. D.C. Code § 1-624.02(a) sets forth those procedures. As a Career Service employee, the defendant could not remove Mr. Thomas, without according him the procedures to which he was entitled, which included placement in a vacant position. The Court's ruling on

---

[1] This was the position abolished by the defendant, *see: Defendant's Reply,* R. 26 at 1.

this factual matter directly impacts Mr. Thomas' claim as to whether the defendant's failure to place him in either of the two Lead Support Specialist positions was based upon his age. Mr. Thomas' status as a Career Service employee would preclude his arbitrary termination and would assure that he would have placement in the vacant Lead Support Services position for which he qualified.

## Claims Of Discrimination Are Excluded From Coverage Of The D.C. Office of Employee Appeals

The Court's ruling that Mr. Thomas was required to file an appeal with the D.C. Office of Employee Appeals is contrary to *King v. Kidd*, 640 A.2d. 656, 644 (D.C. App. 1993) and *Bridges v. Kelly*, 84 F.3d. 470, 475-77 (D.C. Cir. 1996). D.C. Code § 1-624.04, governing appeals to the D.C. Office of Employee Appeals, states an employee may file an appeal with the Office. *King* specifically held an employee alleging discrimination is not prohibited from proceeding straight to court on a claim of discrimination. The D.C. Office of Employee Appeals does not entertain claims of discrimination and a plaintiff is not required to pursue a case in a forum which does not enable the party to receive full relief for his claims. In this case, Mr. Thomas alleged his nonselection for the positions and his termination were based upon age, sex, race, and disability. Mr. Thomas was entitled to pursue his claims through the filing of a complaint of discrimination and proceed directly to court on his claims. Requiring Mr. Thomas to file an appeal with the D.C. Office of Employee Appeals would prevent him from seeking full relief for his claims, a premise specifically rejected in *Bridges, supra*. The Court's ruling prevents Mr. Thomas from pursuing his claim that he was deprived of his rights to placement in

the second Lead Support Specialist position, which remained vacant, and was readvertised by the defendant under a different name.

**Conclusion**

The matters raised in this motion are material issues of fact and law as to Mr. Thomas age claims for the Lead Support Services positions, in Count I of the Complaint. The Court's ruling deprives Mr. Thomas of the right to present evidence that the defendant intentionally left vacant the second Lead Support Specialist position; fails to credit direct evidence of his Career Service status barring him from presenting evidence of his right to placement in a vacant position; and bars him from pursuit of full relief for his claims. Mr. Thomas respectfully requests that the Court amend and clarify the findings in this matter, including an amendment of the judgment, to correct the errors of fact and law set forth herein.

                Respectfully Submitted,

                /s/_____
                Barbara B. Hutchinson
                D.C. Bar No. 418967
                7907 Powhatan Street
                New Carrollton, MD. 20784
                Telephone: (301) 577-3387
                Facsimile: (301) 577-3764
                Attorney for Plaintiff