IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Walter Thomas, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1784 RJL |
| | ) | |
| Natwar Gandhi, | ) | |
| Office of the Chief Financial Officer | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING PARTIAL SUMMARY JUDGMENT TO DEFENDANT

Plaintiff Walter Thomas has moved for reconsideration of certain findings of fact and law contained in the Court's November 29, 2007 Memorandum Opinion ("Mem. Op."), granting Defendant Natwar Gandhi's motion for partial summary judgment. As a result the Court has dismissed all non-selection discrimination claims asserted by Plaintiff in this case, other than the claim that he was not selected for the DS-342 Lead Support Specialist ("LSS") position in March 2003 because of his age.[1] Defendant previously refrained from seeking summary judgment on Plaintiff's claim that he was not selected for the LSS position because of the existence of disputed, direct evidence that age was the motivating factor in his non-selection.[2]

---

[1] In its November 29, 2007 Memorandum Opinion, the Court rejected Plaintiff's contention that he was significantly more qualified for the LSS position than the younger, successful candidate (Barry Edmonds), finding that much of Plaintiff's experience "would have been irrelevant to the LSS position," compared with "the bulk of [Mr. Edmonds] career [which was] in the support services field." Mem. Op., 7-8 and footnote 4. Given these fact findings, it is difficult to imagine that any jury could find that but for Plaintiff's age, he would have been selected over Mr. Edmonds for the LSS position.

[2] Thomas testified at his deposition, under examination by his own attorney, that his supervisor, Al Lister, made the following statement when Thomas inquired as to how he had done at the LSS interview: *"You should look for another job. Rumors everywhere. They don't want people of retirement age."* Mr. Lister

Plaintiff contends that the Court erroneously dismissed an age-based non-selection age claim relating to the Lead Logistics Management Specialist ("LLMS") position that was advertised in April 2003, even though he did not apply. Plaintiff further contends that the Court erred in concluding that Plaintiff failed to establish that he was a Career Service employee as of the date of termination, which allegedly would relieve him of the obligation to apply for the LLMS in order to make out a prima facie case of discrimination based on age. Lastly, Plaintiff contends that the Court erred as a matter of law in finding that Plaintiff is barred from asserting that Defendant's failure to accord him a Career Service preference for the two positions for which he did not apply constituted a pretext for discrimination.

## APPLICABLE LEGAL STANDARD

A motion for reconsideration of factual and legal findings rendered under Rule 52(a) of the Federal Rules of Civil Procedure is analyzed consistent with the standards for review applicable to a motion to clarify, alter or amend judgment under Rule 59(e), and is not lightly granted. To prevail, the movant must demonstrate (1) an intervening change in controlling law; (2) new evidence; or (3) a pressing need to correct clear error or prevent manifest injustice. "A Rule 59(e) motion is neither a vehicle for litigants to re-argue facts and theories upon which the reviewing court has already ruled (citations omitted), nor an opportunity for litigants to present theories or arguments that could have been advanced earlier, but were not." *See Mobley v. Continental Casualty Co.*, 405 F.Supp.2d 42, 45-46 (D. D.C. 2005) and the authorities cited therein.

---

denies that he made any such statement, and Defendant otherwise denies that Plaintiff's age played any role in the decision to select Barry Edmonds for the LSS position in March 2003.

As discussed below, during the course of summary judgment briefing, Plaintiff had a full and fair opportunity to address all of the legal and factual findings with which he now takes issue, and in fact did so. He has not otherwise presented evidence of an intervening change in controlling law, new evidence, or a pressing need to correct clear error or prevent manifest information. Therefore, he is not entitled to reconsideration or amendment of the subject findings.

A. **Plaintiff Has Failed To Demonstrate That The Court Erred In Dismissing His Non-Selection Age Claim Vis-À-Vis The Lead Logistics Management Specialist Position.**

In its November 29, 2007 Memorandum Opinion, the Court dismissed all claims of discrimination asserted by Plaintiff relating to his non-selection for the two vacancies for which he did not apply, i.e., the Lead Logistics Management Specialist position (DS-346-11) ("LLMS") and the Special Assistant to the Director (DS-346-13) ("SAD"). Mem. Op., 6. In his motion for reconsideration, Plaintiff argues that the Court erred in rejecting his age claim vis-a-vis the LLMS position because he alleged and presented some evidence that the second LSS position and the LLMS position had the same job duties. Complaint, ¶9; J. Smoak testimony. Accordingly, Plaintiff contends that he should be deemed to have applied for the LLMS position because he did apply for LSS position, and because Defendant did not seek summary judgment on his non-selection for the LSS based on age. This is a rehash of an argument Plaintiff raised in opposition to Defendant's motion for partial summary judgment, and therefore not the proper subject for a reconsideration motion.[3]

---

[3]In Reply, Defendant answered that the two jobs were not the same inasmuch as the LLMS position derived from the logistics specialist series "346," whereas the LSS position derived from a support generalist series "342." Defendant pointed to parts of the

In any event, even were Plaintiff given the opportunity to prove that both the LSS and LLMS positions were equal in terms of qualifications and job duties, he still could not make out a *prima facie* case of age discrimination based on his own non-selection because the Court has found that neither position was ever filled. *See* Mem. Op., p. 2, fn 1 (relating to the second LSS position); and p. 3 (relating to the LLMS position, which was withdrawn prior to conducting interviews). In the absence of proof of disparate treatment in the selection process, Plaintiff's non-selection claim fails. *See Holcomb v. Powell*, 433 F.3rd 889 (D.C. Dir. 2006) (requiring proof that the subject position was awarded to an individual outside the protected classification who was significantly less qualified than plaintiff).

B.  **Plaintiff Has Failed To Establish That The Court Committed Manifest Legal Error In Rejecting His Lay Opinion Testimony Interpreting A 2001 Personnel Action Form Documenting His Transfer From One OCFO Position to Another.**

Plaintiff next takes issue with the Court's finding that there is no evidence that he was a career service employee at the time of his termination. Plaintiff faults the Court for failing to recognize Plaintiff's affidavit testimony in opposition to the motion for partial summary judgment as evidence of his claim to career service status. Plaintiff also takes issue with the Court's legal finding that Congress extended the CFO's at-will authority to cover the time period of Plaintiff's termination. Plaintiff's claims are without merit.

---

record establishing that as the new Director of Support Services, Lister wanted logistics specialists, not generalists, and that Smoak acceded to his preference. Cf. Pl. Opp., pp. 8-9 and Def. Reply, p. 5, fn 11. A comparison of the job duty descriptions on the face of the respective vacancy announcements proves them to be different. The LSS incumbent "provides one or several of a variety of support services..." By contrast, The Lead Logistics Management Specialist, DS 46-11. "performs the full range of personnel management responsibilities..."

4

It is by now well established that in 1996 Congress conferred independent personnel authority upon the Chief Financial Officer of the District of Columbia and determined that all employees serving under his authority were to be employed at-will. *See Alexis v. District of Columbia*, 44 F. Supp.2d 331 (D.C. 1999). As previously demonstrated in Defendant's Reply brief, Congress extended the CFO's at-will personnel authority through July 1, 2003 under Section 409 of 2002 Supplementation Appropriations Act, Public Law 107-206. See Def. Reply, fn 22 and Def. Exh. R. Plaintiff has offered no new legal authority to support his contention that the CFO's at-will authority terminated upon expiration of the Control Period prior to March 2003.

In his affidavit, Plaintiff offered his lay opinion that the entry of the number "1" in Box 37 of the Personnel Action Form documenting his 2001 transfer from one OCFO support position to another establishes that he was a career service employee for purposes of the District of Columbia Merit Personnel Act. Plaintiff's lay opinion as to the significance of the data entry at Box 37 of the subject Form-1 should be rejected as lacking in foundation and therefore inadmissible for Rule 59 purposes. He offered no other evidence that the CFO intended to reclassify him from at-will status to a status to career status merely by approving Plaintiff's transferred from one support service position to another within the CFO organization. The Court credited the expert opinion of Defendant's Human Resource Director, Diane Camilleri, that all OCFO employees were at-will. Mem. Op., p. 6. Her expert opinion is consistent with the terms of Plaintiff's 1998 offer letter (which informed Plaintiff that he was being offered at will employment and that "[a]ll employees within the OCFO service at the pleasure of the Chief Financial Officer." Def.'s Mot. Exh. 1A), and the legal authority cited in Box 11 of

5

Plaintiff's 2001 transfer form (i.e., P.L. 104-194, which conferred at-will personnel authority upon the CFO).  Ms. Camilleri's opinion is also consistent with the affidavit testimony of Albert Powell, who supervised the support services unit at the Office of Tax and Revenue to which Plaintiff was transferred in 2001; Mr. Powell testified that he and all other employees of that unit were at-will employees of the CFO. *See* Def. Local Rule Civ. 7(h) Statement of Material Facts, Exh. N.  Under analogous circumstances, the District of Columbia Court of Appeals rejected the claim of the deputy procurement officer of the University of the District of Columbia that he was a career service employee. *Hoage v. Board of Trustees of University of District of Columbia, 1998,* 714 A.2d 776 (D.C. 1998).

For the foregoing reasons, the Court should deny Plaintiff's requests for reconsideration of the foregoing findings for the following reasons.

C. **Plaintiff Has Failed to Demonstrate The Court Committed Manifest Legal Error In Holding That Plaintiff Is Precluded From Arguing That Defendant's Failure To Accord Him Preferential Consideration For The Lead Support Specialist Position Constitutes Evidence Of Pretext.**

Plaintiff argues under *King v. Kidd*, 640 A.2d 656 (D.C. 1994) and *Bridges v. Kelly*, 84 F.3d 470 ( D.C. Cir. 1996) that he is entitled, as a matter of law, to have a jury consider that Defendant's failure to grant him preferential consideration for LLMS position as a RIF'd Career Service employee constitutes evidence of pretext for age discrimination.  Plaintiff argues further that the Court erred in holding that Plaintiff cannot do so because he failed to establish in a timely appeal to the District of Columbia Office of Employee Appeals that he was, in fact, a Career Service employee who had been denied preferential selection rights following his March 2003 lay off.  Plaintiff's arguments are without merit.

In *King,* the District of Columbia Court of Appeals rejected an appeal by a District supervisor who contended that he could not be sued in Superior Court for intentional infliction of emotional distress by a subordinate on the ground that such a claim was preempted under the grievance and arbitration procedures of the District of Columbia Comprehensive Merit Personnel Act. The Court of Appeals disagreed, holding that to the extent such claims are based on acts of sexual harassment and subsequent retaliation for bringing a discrimination claim, they are not preempted by the exclusive grievance procedures provided under the CMPA which contain a carve out for discrimination claims.

The *King* decision has no bearing upon the instant case. In *King*, it was undisputed that plaintiff Kidd was a career service employee covered by the CMPA. Herein, Plaintiff's contention that he was a career service employee under the CMPA at the time of his March 2003 layoff and that he was otherwise entitled to the benefits of the Reduction-in-Force provisions for Career Service employees under the CMPA is at the center of the dispute. This Court correctly held that the District of Columbia Office of Employee Appeals holds exclusive jurisdiction to adjudicate both Plaintiff's coverage and preference denial claims, and that because Plaintiff failed to file a timely appeal to the OEA for vindication of said rights he has forever waived those claims. In short, because Plaintiff cannot establish as a matter of law that he was a career service employee entitled to preferential consideration for position openings after his termination in a reduction-in-force, he cannot argue that Defendant's conduct in failing to accord him preferential treatment rights constitutes admissible evidence of pretext in a collateral federal discrimination lawsuit.

The *Bridges* decision is equally inapplicable. In *Bridges* the United States Court of Appeals for the District of Columbia held that because the reduction-in-force provisions of the CMPA did not empower the Office of Employee Appeals to remedy a claim under the Veterans Re-employment Act, the *Younger* abstention doctrine did not apply to limit the jurisdiction of the district court over an independent VRA claim. Plaintiff is currently in court based on various alleged violations of federal discrimination law. The Court's jurisdiction over said claims is no way in issue. Nor does Defendant argue that his action is preempted in any way by virtue of the RIF appeal procedures of the CMPA. Defendant merely asserts that to the extent Plaintiff's federal pretext claim depends upon proof of a breach of rights and benefits secured by state law, and state law establishes the exclusive means for proving coverage and breach (i.e., the OEA appeal procedure), Plaintiff is bound to have exhausted his state remedies in a timely fashion – which Plaintiff clearly failed to do.

## Conclusion

Defendant respectfully submits that because Plaintiff has failed to meet the extremely high burden of proof to qualify for reconsideration under Rule 59 of the Federal Rules of Civil Procedure, his request for clarification and revision of the Court's November 29, 2007 decision should be denied.

DATED: December 28, 2007       Respectfully submitted,

*Mary E. Piyec*
Mary E. Piyec, Esq.
D.C. Bar No. 445760
Keller and Heckman LLP
1001 G Street, N.W.
Suite 500 West
Washington, DC 20005
(202) 434-4212 (Tel.)
(202) 434-4646 (Fax)
Counsel for Defendant

9