IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Walter Thomas,<br>    Plaintiff | )<br>)<br>) |
| v. | ) Civil Action No. 05-1784<br>)           RJL<br>) |
| Natwar Ghandi,<br>    Defendant | )<br>)<br>) |

**PLAINTIFF WALTER THOMAS' REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND AND FOR CLARIFICATION OF
THE COURT'S ORDER GRANTING PARTIAL SUMMARY JUDGMENT**

Plaintiff Walter Thomas, (Mr. Thomas), files this Reply to Defendant's Opposition to Plaintiff's Motion to Amend and for Clarification of the Court's Order Granting Partial Summary Judgment.  Defendant's opposition, R.30, p. 1, n.1-2 implies the Court should rule on Mr. Thomas' claims of age discrimination in Count I of the Complaint.  Defendant did not seek summary judgment on this claim.  Local Civil Rule 7.1(h) requires a moving party to identify all statements upon which it relies in support of its motion.  Summary judgment may not be granted on a claim where the moving party concedes a dispute exists on a material issue of fact.

A motion to amend and a motion to reconsider a judgment are the same, *Emory v. Secretary of Navy*, 819 F.2d. 291, 293 (D.C. Cir. 1987).   A trial court has inherent power to amend a judgment to correct legal errors and  errors of fact, 12 *Moore's Federal Practice* § 59 App.101 (Matthew Bender 3d ed.).

**Evidence of Rejection Of A Qualified Applicant And A Position Remaining
Vacant May Be Used To Support A Prima Facie Case**

Defendant erroneously asserts Mr. Thomas is seeking to relitigate the Lead Logistics Management Specialist position and the Special Assistant to the Director position, *Defendant's*

*Reply,* at 3-4.   Mr. Thomas' motion raises no issue with respect to the Special Assistant to the Director position.  Mr. Thomas's motion addresses the Lead Logistics Management Specialist (LLMS) position.  As pointed out in Mr. Thomas' motion, Count I of the Complaint did not seek relief for a failure to select Mr. Thomas for the LLMS position.   Mr. Thomas claim and the issue raised by the Complaint was whether Mr. Thomas was not selected for one of the two Lead Support Specialist positions advertised by the defendant.  Defendant's opposition does not address this issue, implying  the LLMS position was a separate position for which Mr. Thomas should have applied.  The testimony of Jo Ann Smoak was submitted not as evidence that Mr. Thomas should have been considered for the LLMS position but was submitted in response to Defendant's assertion that the LLMS position was a separate and distinct position, *Plaintiff's Statement of Genuine Issues*, No. 22, *Deposition of Jo Ann Smoak*, Exhibit 6, p. 99, l. 12 to 101, l. 13.  Ms. Smoak's testimony supports Mr. Thomas' claim that the defendant rejected him for the two Lead Support Specialist positions, but continued seeking individuals to perform the same duties for which Mr. Thomas qualified.   Mr. Thomas may establish a prima facie case of discrimination by showing that a position remained vacant and the employer continued to seek applicants, *Holcomb v. Powell*, 433 F.3d. 889, 895 (D.C. Cir. 2006).   As raised in Mr. Thomas' motion, the Court's ruling precludes consideration of this claim, by regarding the LLMS position as a separate position requiring an application.

## A Statute Must Be Given Its Plain Meaning

Defendant asserts Mr. Thomas relied upon lay opinion testimony as to his status as a Career Service employee.  Defendant's assertion is not supported by the record.  Mr. Thomas submitted not only his affidavit but also the testimony of Diane Camilleri on the issue of his Career Service

2

status. *Plaintiff's Statement of Genuine Issues* No. 6 is the Deposition testimony of Dianne Camilleri, Exhibit 3 stating she had no experience with the District of Columbia government and was only told by attorneys of the Office of Chief Financial Officer that all positions were at will employment. Defendant's reliance upon *Alexis v. District of Columbia*, 44 Supp.2d 331 (D.D.C. 1999) does not support defendant's position of at will authority. Additionally, the 2002 Supplemental Appropriations Act, Section 409, P.L. 107-206, Exhibit 1 attached hereto, provides no support for the defendant's position. Section 409 extends the authority granted to the Chief Financial Officer in Public Law 104-8. Since the authority for at-will employment expired in 1999, the 2002 legislation could not extend an authority which had ceased to exist. In interpreting a statute the Court must apply the plain meaning of the language in the statute and should not enlarge the statute by adding language or interpretations not clearly stated by the law, *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 538, , 542(200). Under the defendant's theory, the Court would have to presume that Congress, in 2002, intended to resurrect an authority it had permitted to expire in 1999 . Defendant has presented no statutory authority or evidence which shows Congress extended the at will appointment authority through any legislation. If the failure to extend the at will appointment authority was a mistake, the defendant has had ample opportunity to seek a correction of the error and has not done so. As set forth in *Lamie*, it is beyond the province of the Court to correct drafting errors to provide a result desired by a party, *Id*. at 542. Defendant's reliance on *Hoage v. Board of Trustees of University of District of Columbia,* 714 A.2d. 776 (D.C. 1998) is misplaced. *Hoage* involved a determination of whether the position was within the statutory definition of positions in the Educational Service. The statutory language was clear and unambiguous, containing specific definitions of positions which

were included in the Educational Service.  In *Hoage*, the agency had produced D.C. Personnel forms showing the employee was in the Educational Service.  The defendant has produced no evidence in this case showing Mr. Thomas was in an at-will position, on the date of the abolishment of his position.

### The LLMS Position Was Not Raised As A Separate Position

Defendant erroneously asserts Mr. Thomas argues the failure to grant him preferential consideration for the LLMS position is a pretext for age discrimination.  Mr. Thomas's Motion to Amend, pp .4-7 requests the Court to review its ruling on the Career Service status and its ruling on Mr. Thomas' obligation to file an appeal with the Office of Employee Appeals.  Nothing in Mr. Thomas's motion seeks to have the Court rule defendant's failure to accord Mr. Thomas' reduction in force rights for the LLMS position is a pretext for age discrimination.  Mr. Thomas' Career Service status creates a material issue of fact, which precludes summary judgment.  Mr. Thomas' Career Service status and  facts, showing  positions were vacant; Mr. Thomas was qualified for the positions; and was not offered the positions, raise an inference that the failure to offer the positions was based upon his age.   As stated in Mr. Thomas' motion,  the LLMS position was not raised in Mr. Thomas' complaint as a vacant position to  which he had

placement rights. The LLMS position was raised as evidence that the defendant continued seeking applicants for the same position for which Mr. Thomas qualified and was rejected.

## Conclusion

For the reasons stated in Mr. Thomas's Motion to Amend and herein, Mr. Thomas respectfully requests the Court grant the motion and amend the judgment to correct errors of law and fact to permit Mr. Thomas to pursue his claims set forth in Count I of the Complaint.

Respectfully Submitted,

_/s/_____
Barbara B. Hutchinson
D.C. Bar No. 418967
7907 Powhatan Street
New Carrollton, MD. 20784
Telephone: (301) 577-3387
Facsimile: (301) 577-3764
Attorney for Plaintiff