# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WALTER J. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.  05-1784 (RJL) |
| | ) | |
| NATWAR M. GANDHI, Chief | ) | |
| Financial Officer of the District of | ) | |
| Columbia, | ) | |
| | ) | |
| Defendant. | ) | |

## *rd* MEMORANDUM OPINION
(September **3** , 2009) [# 35]

The plaintiff, Walter J. Thomas ("Thomas"), filed this suit in September 2005,

when he was sixty-four years old, claiming the Chief Financial Officer of the District of

Columbia (the "defendant") discriminated against him based on race, sex, disability, and

age.  In November 2007, this Court granted the defendant's Motion for Partial Summary

Judgment, *Thomas v. Gandhi*, 525 F. Supp. 2d 103, 106 (D.D.C. 2007), and now

considers the defendant's Motion for Summary Judgment as to Thomas' remaining age

discrimination claim.  The defendant asserts summary judgment is appropriate because

Thomas has not provided sufficient evidence to establish that the defendant failed to hire

him because of his age.  The Court agrees and will GRANT the defendant's motion.

## BACKGROUND[1]

In December 2002, Thomas learned that the Office of the Chief Financial Officer was abolishing his position and all other support positions. *Id.* As a result, however, Thomas would be eligible to apply for positions within the newly formed Office of Management and Administration. *Id.* Thereafter he applied for a Lead Support Specialist ("LSS") position, but the hiring panel instead selected a forty-one-year-old male. During the same round of interviews, the same interview panel offered a position to a 62-year-old female. (*See* Pl.'s Statement of Genuine Issues in Support of Pl.'s Opp'n [Dkt. #5] ¶ 5; Pl.'s Ex. 2 (Affidavit of Shirley Gaddy) [Dkt. #40-3] ¶ 6.) Because Thomas was not selected, his employment with the Office of the Chief Financial Officer was terminated in March 2003. *Thomas*, 525 F. Supp. 2d at 106.

Thomas alleges, based on his own testimony, that after his interview for the LSS position, he approached a member of the hiring committee, Alphonso Lister ("Lister"), who told him there were "rumors" that unspecified "people" discussed Thomas' age. (Pl.'s Opp'n to Def.'s Mot. for Summ. J. [Dkt. #40] ¶ 6.) Thomas also points to a statement made by another hiring committee member, Jo Ann Smoak ("Smoak"), who stated in her deposition that she "did not see value in Thomas' work and that he had retired in place." (*Id.* ¶ 11.) Later in her deposition Smoak explained that she used "retired in place" to describe Thomas' attitude or work ethic, not his age, and that young

---

[1]For additional background, see generally *Thomas v. Gandhi.* 525 F. Supp. 2d 103.

people are also capable of exhibiting such an attitude. (*See* Def.'s Amend. Mem. of Law in Support of Mot. for Summ. J. [Dkt. #39-2] at 5 n.2.)

After receiving a right to sue letter from the Equal Employment Opportunity Commission, Thomas filed age, racial, and gender discrimination claims in this Court. (*See* Compl. at 2–3.) In November 2007, this Court granted summary judgment on all but the age discrimination claim, *Thomas*, 525 F. Supp. 2d at 109, because the defendant had explicitly declined to move for summary judgment on that basis, *id.* at 106 n.1. The defendant declined to do so because he believed "[a] dispute of fact exists with respect to asserted direct evidence of age bias which prevents an award of summary judgment under Rule 56." (Def.'s Mot. for Part. Summ. J. [Dkt. #12] at 2 n.1.) Specifically, the defendant was referring to Lister's alleged statement regarding rumors that the committee does not want people of retirement age. (Memo. in Supp. of Mot. for Part. Summ. J. [Dkt. #13] at 2 n.1.)

In granting the defendant's earlier motion for summary judgment with respect to Thomas' race, gender, and disability discrimination claims, this Court found that Thomas failed to establish he was significantly more qualified than Barry Edmonds, the forty-one-year-old male who was hired for the LSS position. *Thomas*, 525 F. Supp. 2d at 108 & 108 n.4. Specifically, the Court noted Edmonds had extensive relevant experience and that the selection panel unanimously concluded Edmonds outperformed Thomas in the interview, which was the primary factor in the selection decision. *Id.* at 108–09. Indeed,

out of a possible interview score of 85, Thomas scored only 57, while Edmonds scored

68. *Id.* at 109 n.5.

Thomas then moved for this Court to amend and clarify its order granting partial

summary judgment, arguing that the Court's decision prevented him from asserting

evidence in support of his age discrimination claim based on his non-selection for the

LSS position. (Pl.'s Mot. to Amend [Dkt. #29]; Mem. in Support [Dkt. #29-3] at 4.) I

denied Thomas' motion. (Minute Order, 01/09/08.)

## ANALYSIS

Summary judgment is granted "if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

P. 56(c). In deciding whether there are disputed issues of material fact, the Court draws

all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 255 (1986).

In opposing the defendant's current summary judgment motion, Thomas argues

that judicial estoppel precludes the defendant from moving for summary judgment in light

of the defendant's previous concession that there is a disputed issue of material fact as to

his claim. However, considering this Court's previous determination that Thomas failed

to establish he was significantly better qualified than Edwards and Thomas' failure since

then to provide sufficient evidence that he was *not* hired because of his age, the Court, for

the following reasons, GRANTS the defendant's summary judgment motion.

**A.    Judicial Estoppel Does Not Apply to Bar Defendant From Alleging An Absence of Disputed Material Facts.**

Pursuant to the doctrine of judicial estoppel, a party who "assumes a certain

position in a legal proceeding, and succeeds in maintaining that position, . . . may not

thereafter, simply because his interests have changed, assume a contrary position,

especially if it is to be to the prejudice of the party who has acquiesced in the position

formerly taken by him." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (internal

quotation omitted).  The rule exists "to protect the integrity of the judicial process by

prohibiting parties from deliberately changing positions according to the exigencies of the

moment." *Id.* at 749–50 (internal quotation and citation omitted).

Courts are more likely to apply judicial estoppel: (1) when the party's position is

"clearly inconsistent with its earlier position," (2) when "the party has succeeded in

persuading a court to accept that party's earlier position, so that judicial acceptance of an

inconsistent position in a later proceeding would create the perception that either the first

or the second court was misled," and (3) when "the party seeking to assert an inconsistent

position would derive an unfair advantage or impose an unfair detriment on the opposing

party if not estopped." *Id.* (internal quotation and citations omitted).

Applying these factors to the facts in this case, the Court finds that judicial

estoppel does not apply here.  First, the defendant has *not* adopted a position that is

5

"clearly inconsistent" to its previous position. The defendant maintains that Lister's statement results in a factual dispute, but asserts that Lister's statement is inadmissible under the Rules of Evidence. (Def.'s Amend. Mem. in Support of Mot. for Summ. J. [Dkt. #29-2] at 4.) Second, the defendant did not "succeed" in its earlier position. This Court only noted the defendant's position in a footnote and did not further address or rely on the defendant's concession. There is thus no risk of "the perception that . . . the . . . [C]ourt was misled." *New Hampshire*, 532 U.S. at 750 (internal quotation omitted). Finally, there is no indication that allowing the defendant to move for summary judgment would now cause prejudice. This is not a situation where a party is "deliberately changing positions according to the exigencies of the moment" or where the "the integrity of the judicial process" is at risk. *Id.* at 749–50 (internal quotations omitted). Thus, judicial estoppel is an inappropriate defense here. The law of the case doctrine, however, is another matter.

## B.   The Law of the Case Doctrine Applies.

The law of the case doctrine provides, in part, that "the *same* issue presented a second time in the *same case* in the *same court* should lead to the *same result*." *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C. Cir. 1996). Thomas argues the law of the case doctrine does not apply because this Court's earlier finding that Thomas was not significantly better qualified for the LSS position than Edmonds was not a final

appealable order.[2] Unfortunately, Thomas misunderstands the law of the case doctrine,

which does not require a final, appealable judgment. *United States v. Eilberg*, 553 F.

Supp. 1, 4 (D.D.C. 1981). This Court thus accepts as the law of the case that Thomas did

not establish he is significantly better qualified than Edmonds.

## C.    Insufficient Evidence of Age Discrimination.

Having failed to establish that he was "'significantly' or 'markedly' more qualified

for the job," *see Hendricks v. Geithner*, 568 F.3d 1008, 1012 (D.C. Cir. 2009), Thomas

faces a heavy burden to prove that his age was the "but-for" cause of his non-selection,

*Gross v. FBL Fin. Serv., Inc.*, 129 S.Ct. 2345, 2350 (2009). In attempting to establish age

discrimination, he merely relies on certain age- and retirement-related statements made by

hiring-committee members Lister and Smoak. It is not enough!

### i.    Lister's Statement Does Not Evince Age Discrimination.

First, Thomas points to Lister's alleged statement that he heard rumors that "these

people" allegedly referenced Lister's age. (Pl.'s Ex. 1 (Thomas Dep.) [Dkt. #40-2] at

319–21.)[3] Curiously, Thomas now relies on this statement as a basis to oppose summary

---

[2]Thomas also argues that the law of the case doctrine does not apply to prior findings of fact.
That argument is equally erroneous. *See Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1082
(D.C. Cir. 1984) (applying the law of the case doctrine to a factual issue in an employment
discrimination case).

[3]Although Defendant avoided judicial estoppel, in part, by arguing Lister's statements constitute
inadmissible hearsay, this Court did not accept Defendant's previous assertions that Lister's
statements resulted in a factual dispute as to Thomas' age claim. Thus, nothing precludes the
Court from finding there is no factual dispute even considering Lister's statements. In light of
the Court's conclusions, the Court declines to address the admissibility of Lister's statement.

judgment, even though he never mentioned it in either his detailed complaint before this Court or in his extensive EEOC filings. (*See* Def.'s Statement of Undisputed Material Facts [Dkt. #35-2] ¶ 7.) In fact, there is no record of Thomas mentioning Lister's statement until *four years after* it was allegedly made. (Def.'s Errata of Def.'s Memo. of Law in Supp. of Mot. for Summ. J. [Dkt. #39-2] at 8.) In any event, Thomas wants this Court, in essence, to find evidence of discrimination in a third party statement alleging the existence of "rumors" that other people had stated Thomas was not selected because he had reached "retirement age." Thomas not only offers no support for his assertions, but fails to explain why the agency would have selected a sixty-two-year-old woman if it did not want to hire people nearing retirement age. Thus, even assuming Lister's statement would be admissible, Thomas cannot overcome his heavy burden with such vague, self-serving, and uncorroborated testimony. *See Kline v. Springer*, 602 F. Supp. 2d 234, 240 (D.D.C. 2009) (noting the plaintiff's "self-serving" assertions about her own performance will not give rise to an inference of an impermissible motive); *Porter v. Fulgham*, 601 F. Supp. 2d 205, 223 (D.D.C. 2009) (noting "unsupported self-serving allegations alone are insufficient" for a plaintiff to establish discrimination).

### ii.    Smoak's Statement Does Not Evince Age Discrimination.

Finally Thomas also relies on hiring committee member Smoak's statement that Thomas had already "had retired in place." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. [Dkt. #40] ¶ 11.) While this statement, in isolation, could be a reference to Thomas' age,

courts do not look at such statements in insolation, but rather in light of the context in which they were made. *See Waterhouse v. District of Columbia*, 124 F. Supp. 2d 1, 11–12 (D.D.C. 2000) (noting an allegedly discriminatory statement "was made in the context" of other statements and thus did not evince discrimination); *Lutes v. Goldin*, 62 F. Supp. 2d 118, 129 (D.D.C. 1999) ("What Plaintiff fails to consider, however, is the context of the quoted passage."). When viewed in light of the context of Smoak's statement that she did not see any real value in Thomas' work, it becomes clear Smoak's "retired in place" statement was, as she explained later in the same deposition, a reference to Thomas' poor work ethic, not his age. (*See* Def.'s Amend. Mem. of Law in Support of Mot. for Summ. J. [Dkt. #39-2] at 5 n.2.) Thus, in light of the law of the case, the Court finds Smoak's and Lister's statements, even if believed, do not provide sufficient evidence for Thomas to establish that the decision to not hire him was due to his age.

## CONCLUSION

Thus, for all of the foregoing reasons, the Court GRANTS the defendant's motion for summary judgment. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge